IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| SAMUEL COMPO | : | 3:02 CV 1675 (PCD) |
| v. | : | |
| METRO-NORTH RAILROAD CO. ET AL. | : | DATE: MARCH 15, 2004 |
| RICHARD K. LASKEVITCH | : | 3:02 CV 1676 (GLG) |
| v. | : | |
| METRO-NORTH RAILROAD CO. ET AL. | : | DATE: MARCH 15, 2004 |
| MICHAEL SELMONT | : | 3:02 CV 1677 (GLG) |
| v. | : | |
| METRO-NORTH RAILROAD CO. ET AL. | : | DATE: MARCH 15, 2004 |
| ROBERT FUDA | : | 3:02 CV 1678 (RNC) |
| v. | : | |
| METRO-NORTH RAILROAD CO. ET AL. | : | DATE: MARCH 15, 2004 |

-------------------------------------------------------------x

| | | |
|---|---|---|
| JOHN P. GEARY | : | 3:02 CV 1679 (WWE) |
| v. | : | |
| METRO-NORTH RAILROAD CO. ET AL. | : | DATE: MARCH 15, 2004 |

-------------------------------------------------------------x

-------------------------------------------------------------x

| | | |
|---|---|---|
| THOMAS KINIRY | : | 3:02 CV 1680 (JBA) |
| v. | : | |
| METRO-NORTH RAILROAD CO. ET AL. | : | DATE: MARCH 15, 2004 |

-------------------------------------------------------------x

-------------------------------------------------------------x

| | | |
|---|---|---|
| JOHN RAGGI | : | 3:02 CV 1681 (GLG) |
| v. | : | |
| METRO-NORTH RAILROAD CO. ET AL. | : | DATE: MARCH 15, 2004 |

-------------------------------------------------------------x

-------------------------------------------------------------x

| | | |
|---|---|---|
| EDWARD P. RUSSO | : | 3:02 CV 1682 (JCH) |
| v. | : | |
| METRO-NORTH RAILROAD CO. ET AL. | : | DATE: MARCH 15, 2004 |

-------------------------------------------------------------x

| | |
|---|---|
| JAMES SCOFIELD | 3:02 CV 1683 (JCH) |
| v. | |
| METRO-NORTH RAILROAD CO. ET AL. | DATE: MARCH 15, 2004 |

| | |
|---|---|
| MILLARD J. SULLIVAN | 3:02 CV 1684 (JCH) |
| v. | |
| METRO-NORTH RAILROAD CO. ET AL. | DATE: MARCH 15, 2004 |

| | |
|---|---|
| TIMOTHY SWEENEY | 3:02 CV 1872 (RNC) |
| v. | |
| METRO-NORTH RAILROAD CO. ET AL. | DATE: MARCH 15, 2004 |

| | |
|---|---|
| ROBERT BLACK | 3:02 CV 1873 (AVC) |
| v. | |
| METRO-NORTH RAILROAD CO. ET AL. | DATE: MARCH 15, 2004 |

| | |
|---|---|
| FRANCIS E. BAKUTIS | 3:02 CV 1877 (MRK) |
| v. | |
| METRO-NORTH RAILROAD CO. ET AL. | DATE: MARCH 15, 2004 |

| | |
|---|---|
| CHARLES KANE | 3:02 CV 1878 (CFD) |
| v. | |
| METRO-NORTH RAILROAD CO. ET AL. | DATE: MARCH 15, 2004 |

| | |
|---|---|
| FREDERICK N. KOVAL | 3:02 CV 1879 (GLG) |
| v. | |
| METRO-NORTH RAILROAD CO. ET AL. | DATE: MARCH 15, 2004 |

| | |
|---|---|
| SIGISMONDO LoVERME | 3:02 CV 1880 (PCD) |
| v. | |
| METRO-NORTH RAILROAD CO. ET AL. | DATE: MARCH 15, 2004 |

| | | |
|---|---|---|
| TIMOTHY STRAND | : | 3:02 CV 1883 (AWT) |
| v. | : | |
| METRO-NORTH RAILROAD CO. ET AL. | : | DATE: MARCH 15, 2004 |

| | | |
|---|---|---|
| JAMES E. CAFFREY | : | 3:02 CV 1884 (CFD) |
| v. | : | |
| METRO-NORTH RAILROAD CO. ET AL. | : | DATE: MARCH 15, 2004 |

RULING ON PLAINTIFFS' MOTIONS FOR RECONSIDERATION AND MOTIONS TO EXTEND THE DEADLINE FOR FILING ANY OBJECTIONS UNTIL AFTER THE COURT RULES ON THE INSTANT MOTION

In late 2002 through early 2004, fifty-five lawsuits were filed under the FELA, regarding Plaintiffs' hearing loss, allegedly caused by Defendants.[1] These fifty-five lawsuits were all referred to this Magistrate Judge for discovery. (Compo, 3:02 CV 1675 (PCD), Dkt. #19).[2] Active discovery is now ongoing: by agreement of counsel, these lawsuits have been designated into four "batches," with the first two batches completing fact discovery by April 30, 2004 and completing expert discovery by June 30, 2004, and with the second two batches completing fact discovery by September 30, 2004 and completing expert discovery by December 31, 2004. (Compo, 3:02 CV 1675 (PCD), Dkt. #22, ¶¶ 1-2; Dkt. #60).

On December 12, 2003, Plaintiffs filed thirty Motions to Compel The Conrail Defendants. Compo, 3:02 CV 1675 (PCD), Dkt. #32. In these motions, Plaintiffs moved to compel The Conrail Defendants to respond to twenty-seven discovery requests from Plaintiffs' First Set of Interrogatories and First Set of Requests for Documents. On January 23, 2004, this Magistrate Judge filed her Ruling on Plaintiffs' Motions to Compel the Conrail Defendants ["January 23rd Ruling"](Compo, Dkt. #43), familiarity with which is presumed, which granted the motions in part and denied them in part.

On February 6, 2004, Plaintiffs filed the pending eighteen Motions for

---

[1]Since then, seven of the lawsuits have been withdrawn. Righton, 02 CV 892 (AVC); Warley, 3:02 CV 978 (RNC); Kautz, 3:02 CV 1874 (JBA); Wilson, 3:02 CV 1876 (DJS); Mackey, 3:02 CV 1881 (AWT); Murray, 3:02 CV 1882 (JBA); and Corban, 3:02 CV 2033 (PCD).

[2]For ease of reference, when discussing procedural matters beyond the pending motions or arguments made in all these motions and briefs, referral will be made solely to the docket numbers in the Compo file.

Reconsideration and Motion for an Extension of Time Within Which to File Any Objections, and briefs in support.[3] Compo, 3:02 CV 1675 (PCD), Dkts. ##46-47; Laskevitch, 3:02 CV 1676 (GLG), Dkts. ##42-43; Selmont, 3:02 CV 1677 (GLG), Dkts. ##44-45; Fuda, 3:02 CV 1678 (RNC), Dkts. ##46-47; Geary, 3:02 CV 1679 (WWE), Dkts. ##46-47; Kiniry, 3:02 CV 1680 (JBA), Dkts. ##57-58; Raggi, 3:02 CV 1681 (GLG), Dkts. ##46-47; Russo, 3:02 CV 1682 (JCH), Dkts. ##47-48; Scofield, 3:02 CV 1683 (JCH), Dkts. ##52-53; Sullivan, 3:02 CV 1684 (JCH), Dkts. ##47-48; Sweeney, 3:02 CV 1872 (RNC), Dkts. ##47-48; Black, 3:02 CV 1873 (AVC), Dkts. ##44-45; Bakutis, 3:02 CV 1877 (MRK), Dkts. ##46-47; Kane, 3:02 CV 1878 (CFD), Dkts. ##41-42; Koval, 3:02 CV 1879 (GLG), Dkts. ##42-43; LoVerme, 3:02 CV 1880 (PCD), Dkts. ##46-47; Strand, 3:02 CV 1883 (AWT), Dkts. ##40-41; Caffrey, 3:02 CV 1884 (CFD), Dkts. ##43-44.

On February 27, 2004, the Conrail Defendants filed their briefs in opposition.[4] Compo, 3:02 CV 1675 (PCD), Dkt. #49; Laskevitch, 3:02 CV 1676 (GLG), Dkt. #46; Selmont, 3:02 CV 1677 (GLG), Dkt. #48; Fuda, 3:02 CV 1678 (RNC), Dkt. #50; Geary, 3:02 CV 1679 (WWE), Dkt. #50; Kiniry, 3:02 CV 1680 (JBA), Dkt. #61; Raggi, 3:02 CV 1681 (GLG), Dkt. #50; Russo, 3:02 CV 1682 (JCH), Dkt. #51; Scofield, 3:02 CV 1683 (JCH), Dkt. #56; Sullivan, 3:02 CV 1684 (JCH), Dkt. #50; Sweeney, 3:02 CV 1872 (RNC), Dkt. #51; Black, 3:02 CV 1873 (AVC), Dkt. #48; Bakutis, 3:02 CV 1877 (MRK), Dkt. #50; Kane, 3:02 CV 1878 (CFD), Dkt. #46; Koval, 3:02 CV 1879 (GLG), Dkt. #46; LoVerme, 3:02 CV 1880 (PCD), Dkt. #50; Strand, 3:02 CV 1883 (AWT), Dkt. #44;

[3] Attached as Appendix 1 to the Compo brief only was a copy of Defendant Conrail's 1979 Maintenance of Way Noise Survey.

[4] Attached is a copy of Plaintiff's Second Request for Production of Documents Directed to Conrail, dated November 20, 2003, in Wright, 3:03 CV 191 (RNC).

Caffrey, 3:02 CV 1884 (CFD), Dkt. #48.

The pending motions pertain solely to Requests for Productions Nos. 5, 14, 25, 27, 28 and 29. As the January 23rd Ruling indicates, in Request for Production No. 5, Plaintiffs sought "[a]ll documents published by Defendant [Conrail] or Penn Central or any organization or other group with which Defendant is or has been affiliated referring to noise exposure to railroad workers," and later agreed to limit this request to the years 1968 through 1984. The January 23rd Ruling ordered the Conrail Defendants, to the extent they could do so, "to serve a supplemental response, limited to the sites at which Plaintiffs worked during the times that Plaintiffs worked, and further limited to all documents either published by the Conrail Defendants or published by the American Association of Railroads within the Defendants' possession." (January 23rd Ruling at 17).

In Request for Production No. 14, Plaintiffs sought "[a]ll documents reflecting or pertaining to Defendant [Conrail's] and Penn Central's knowledge of alleged problems posed by noise exposure." Similarly, the January 23rd Ruling ordered the Conrail Defendants, to the extent they could do so, "to serve a supplemental response, limited to the sites at which Plaintiffs worked during the times that Plaintiffs worked." (Id. at 19).

In Request for Production No. 25, Plaintiffs sought "[a]ny communications, instructions, directions or orders to any supervisory personnel that refers, reports, or relates to hearing loss or noise protection" and Plaintiffs later agreed to limit the time frame of this request from 1968 through 1984. The January 23rd Ruling again ordered the Conrail Defendants, to the extent they could do so, "to serve a supplemental response, limited to the railroad facilities at which Plaintiffs worked during the times that Plaintiffs worked and created during that time period, from 1968 through 1984." (Id. at

21).

______In Request for Production No. 27, Plaintiff sought "[w]ith regard to defendant [Conrail's] and Penn Central's hearing testing program, please provide any and all documentation concerning any statistics or figures on average hearing loss, total hearing loss or any statistics compiled with regard to the hearing testing program conducted by the Defendant [Conrail] and Penn Central." Again, the January 23rd Ruling ordered the Conrail Defendants, to the extent they located any responsive documents, "to serve a supplemental response, limited to the facilities at which Plaintiffs worked during the times that Plaintiffs worked and created during that time period." (Id. at 22).

______In Request for Production No. 28, Plaintiffs sought "a copy of any and all correspondence, memoranda, or tangible evidence in whatever form concerning any safety meeting, safety minutes, safety booklets, safety information or any tangible evidence concerning any written safety materials utilized at said safety meetings" and Plaintiffs later agreed to limit the time frame of this request from 1968 through 1984 and to limit the scope of the materials sought to only such documents insofar as they concern noise, hearing loss and hearing protection. Again, the January 23rd Ruling ordered the Conrail Defendants, to the extent they could do so, "to serve a supplemental response, limited to noise, hearing loss and hearing protection, and further limited to the facilities at which Plaintiffs worked during the times that Plaintiffs worked, from 1968 through 1984." (Id. at 22-23).

______Lastly, in Request for Production No. 29, Plaintiffs sought "a copy of any and all tests, reports, examinations, studies, surveys or results in whatever tangible form concerning any and all inspections concerning noise levels" and similarly agreed to limit the time period of this request to 1968 through 1984 and to the type and kind of work in

which the Plaintiffs engaged. Again, the January 23rd Ruling ordered the Conrail Defendants, to the extent they could do so, "to serve a supplemental response, limited to the facilities at which Plaintiffs worked during the times that Plaintiffs worked, from 1968 through 1984." (Id. at 23-24).

Plaintiffs object to the Court's restriction of discovery to the "sites at which [P]laintiff[s] worked," in that "many, if not most, [P]laintiffs worked in mobile crews along the railroad tracks and were exposed [to] loud noise from equipment/machinery that moved along the tracks and was used on the tracks." (Compo, 3:02 CV 1675 (PCD), Dkt. #47, at 1-2). Plaintiffs further contend that "several plaintiffs who were in the signal department rarely worked in a single location or facility – many worked along the tracks repairing equipment and they too were exposed to the noise from equipment and machinery that moved along the tracks and worked on the tracks. Only a few plaintiffs . . . worked in a specific 'site' or 'facility' for any substantial period of time." (Id. at 2). In addition, according to Plaintiffs, the January 23rd Ruling failed to allow discovery concerning the testing of train horns and whistles, to which "[m]ost plaintiffs were repeatedly exposed . . . each time a train passed their work sites," sometimes occurring several times an hour. (Id. at 2-3). Plaintiffs contend that under the January 23rd Ruling, they might not be able to admit a highly relevant noise survey conducted by defendant Conrail in 1979 regarding equipment used in its equipment shops and on the tracks. (Id. at 2). With respect to Request No. 27, Plaintiffs also ask that production not be limited to documents prepared before 1984. (Id. at 5-6).

In their brief in opposition, the Conrail Defendants argue that they "have nearly completed their compilation of responsive supplemental documents in reliance upon the Court's [January 23rd Ruling], and to amend the [January 23rd Ruling] further, as the

[P]laintiffs[] request, would be unfair and unreasonable." (Compo, 3:02 CV 1675 (PCD), Dkt. #49, at 3)(footnote omitted). Furthermore, the Conrail Defendants contend that they have "undertaken an extensive and thorough search of any potentially responsive supplemental documents, which of course date back to as early as 1969 in some of the [P]laintiffs' cases, in reliance upon the Court's [January 23rd Ruling], which is nearly complete." (Id.)(emphasis in original). In addition, the Conrail Defendants are not construing the Court's terminology, namely "sites" and "facilities" as narrowly as the Plaintiffs: "Certainly, the [Conrail D]efendants are not limiting their supplemental responses to include only the indoor shop that a particular plaintiff may have only entered to punch in for a day's work, but are instead compiling documents, to the best of their ability considering the time periods involved, which relate to each of the [P]laintiff's job locations and the noises related to these locations." (Id. at 3-4). Moreover, Plaintiffs have filed their Second Request for Production of Documents which seek the same information as sought in these present motions, and these motions are "even broader than [Plaintiffs'] original Requests." (Id. at 4-5).

The Court agrees with the Conrail Defendants that Plaintiffs have misconstrued the terminology used in the January 23rd Ruling, and it appears that the Conrail Defendants have construed the January 23rd Ruling as broadly as possible to alleviate Plaintiffs' concerns.

Accordingly, Plaintiffs' Motions for Reconsideration and Motion to Extend the Deadline for Filing Any Objections Until After the Court Rules on the Instant Motion, Compo, 3:02 CV 1675 (PCD), Dkt. #46; Laskevitch, 3:02 CV 1676 (GLG), Dkt. #42; Selmont, 3:02 CV 1677 (GLG), Dkt. #44; Fuda, 3:02 CV 1678 (RNC), Dkt. #46; Geary, 3:02 CV 1679 (WWE), Dkt. #46; Kiniry, 3:02 CV 1680 (JBA), Dkt. #57; Raggi, 3:02 CV

1681 (GLG), Dkt. #46; Russo, 3:02 CV 1682 (JCH), Dkt. #47; Scofield, 3:02 CV 1683 (JCH), Dkt. #52; Sullivan, 3:02 CV 1684 (JCH), Dkts. #47; Sweeney, 3:02 CV 1872 (RNC), Dkt. #47; Black, 3:02 CV 1873 (AVC), Dkt. #44; Bakutis, 3:02 CV 1877 (MRK), Dkt. #46; Kane, 3:02 CV 1878 (CFD), Dkt. #41; Koval, 3:02 CV 1879 (GLG), Dkt. #42; LoVerme, 3:02 CV 1880 (PCD), Dkt. #46; Strand, 3:02 CV 1883 (AWT), Dkt. #40; Caffrey, 3:02 CV 1884 (CFD), Dkt. #43 are denied without prejudice to renew **after** receipt of the Conrail Defendants' supplemental responses, if such responses are not as broad as represented by the Conrail Defendants in their briefs in opposition, and are granted to the extent Plaintiffs may file an objection to the January 23rd Ruling, if any, simultaneously with an objection filed to this Ruling.

This is not a Recommended Ruling but a Ruling on discovery, the standard of review of which is specified in 28 U.S.C. § 636; FED. R. CIV. P. 6(a), 6(e) & 72; and Rule 2 of the Local Rules for United States Magistrate Judges. As such, it is an order of the Court unless reversed or modified by the District Judge upon timely made objection.

See 28 U.S.C. § 636(b)**(written objections to ruling must be filed within ten days after service of same);** FED. R. CIV. P. 6(a), 6(e) & 72; Rule 2 of the Local Rules for United States Magistrate Judges, United States District Court for the Dis2rict of Connecticut; Small v. Secretary, H&HS, 892 F.2d. 15, 16 (2d Cir. 1989)**(failure to file timely objection to Magistrate Judge's recommended ruling may preclude further appeal to Second Circuit).**

Dated at New Haven, Connecticut, this 15th day of March, 2004.

/s/
Joan Glazer Margolis
United States Magistrate Judge